ARNOFF SHOE CO., INC., A CORPORATION, PLAINTIFF-RESPONDENT, v. JOHN CHICARELLI, DOING BUSINESS AS CHICARELLI SPORTSWEAR, DEFENDANT-APPEL-LANT.

Submitted October 25, 1946—Decided January 17, 1947.

For the plaintiff-respondent, *David Friedenberg* and *Charles Hershenslein.*

For the defendant-appellant, *Mario Turtur.*

The opinion of the court was delivered by

CASE, CHIEF JUSTICE. Defendant appeals from a judgment in the amount of $8,000 and costs entered against him in the Supreme Court following a directed verdict in the Middlesex Circuit. The judgment also gave effect to a verdict of no cause of action directed against the defendant on his counterclaim. Plaintiff sued to recover damages for defendant's breach of a written contract, executed April 13th, 1945, to make and deliver 15,000 army field jackets at a stipulated price.

Appellant's first point is that the instrument sued upon did not, in fact, constitute a contract; that it was a mere memorandum, tentative in nature, in that at the time it was signed there was a distinct understanding that there would be further discussions as to the final terms of a contemplated contract. The argument thereunder does not inform us of a judicial action of which the point complains or of a ground of appeal upon which it rests and mentions no rulings to which the point is pertinent. In order to obtain a review of trial errors the grounds of appeal must set out the judicial action complained of. The mere statement of a proposition of law or of fact is of no value as a ground of appeal, *Abbe* v. *Erie Railroad Co.*, 97 *N. J. L.* 212, and a point is without force unless it rests upon a designated and well stated ground.

Appellant's second point is that the trial court erred in refusing to allow the introduction of proof to show that an oral contract was made between the parties to the action in May, 1945. Here, too, appellant fails to specify either the rulings or the grounds upon which the point rests. There is a ground of appeal couched in the same language as is the point, and presumably the point is directed toward that ground; but the ground, too, with other grounds, is faulty in that it lacks specification. Grounds of appeal should specifically point out the judicial action complained of and in

the case of rulings on evidence should state the name of the witness and the questions or answers objected to and ruled upon by the trial judge. *Booth* v. *Keegan,* 108 *N. J. L.* 538. The point is elaborated by the statement that "by reason of the court's erroneous ruling the defendant was not allowed to prove the fraud, misrepresentation and deceit practiced upon him in obtaining his signature" to the document sued upon; that "the defendant was unable to prove the defenses set up by him in his pleadings;" and that "this erroneous ruling also prevented the defendant from proving the amount of his damages sustained by him in his counter-claim." All of which carries no meaning to us without an adequately stated ground of appeal and a reference thereto in the argued point. Nevertheless the essence of points one and two is hereinafter answered.

It is next contended by the appellant that the trial court erred in refusing to allow the defendant to introduce in evidence the demand for particulars and the answers thereto. The only reason given by the defendant's attorney at the trial for the admission was that the plaintiff's answers would be binding upon it and that in order to have the benefit of them it was necessary for the defendant to put them in evidence. That was a correct statement of a legal principle. *Hanley* v. *P. Ballantine & Sons,* 121 *N. J. L.* 620, but the attorney did not inform the trial court and does not inform us of the respect in which the defendant would benefit by having the contents of the bill of particulars placed in evidence. The primary object of a bill of particulars is to give the defendant notice of the claim which the plaintiff proposes to set up at the trial so that the defendant may properly prepare his defense; and in order that its object may be attained the effect of the bill is to limit the plaintiff's proof to the matters therein specified. A further legitimate effect of a bill of particulars is that at the trial of the issue it becomes evidence, as an admission, against the party delivering it and as such is proper for the consideration of the jury. *Lee* v. *Heath,* 61 *Id.* 250. Nothing was said at the trial and nothing has been placed before us to indicate that the purpose of the offer was to limit the plaintiff's proofs. And

if the purpose was to use the contents as evidence, as the judge seems to have inferred, no clear statement of that purpose was made and no explanation of relevancy was given. The reason given by the trial court in overruling the offer was that the bill of particulars contained nothing that was evidential; and we have no means of knowing whether the bill of particulars did or did not contain matter of significance either evidentially or by way of limiting proofs because neither it nor the demand is printed in the state of case. Error is not shown.

Appellant's fourth and last point is that there was sufficient evidence to present an issue of fact for the jury as to whether or not the plaintiff furnished all of the materials that it had agreed to furnish to the defendant. We assume that the point is meant to go to the court's direction of a verdict set up as one of the grounds of appeal. The argument is based upon the defendant's testimony that he had not received all of the trimmings with which to make up the garments.

A careful reading of the pleadings and the proofs makes clear that the question of trimmings had no material bearing upon the defendant's failure to perform this contract. The defendant's position was clearly stated in his letter of April 23d, 1945, to plaintiff, the substance of which is epitomized in one of its sentences: "There isn't any way out but to pay $3.10 with So-Bar tickets on garments." The contract price was $2.80 per garment, and defendant's whole case was that he did not mean to bind himself finally to that figure, that the price left no profit to him that there was in fact an oral agreement which put the price at $3.10 and $3.25 per garment and that he was not under obligation to, and would not, produce upon other terms. The trial court properly held that the written instrument of April 13th was in fact a contract, that no fraud therein was proved, and that under the rule stated in *Naumberg* v. *Young,* 44 *N. J. L.* 331, and many other cases, parole evidence should not be received to alter or vary the terms of that written contract. The separate defenses pleaded by the defendant were made to depend upon fraud in inducing the defendant's signature to the contract, the contention that the contract was not a completed agree-

ment, the allegation that the amount of compensation had been orally increased and the claim that there had been a novation. With the position of the defendant thus established by his indisputable statements before the litigation started, by his pleadings in the case and by his efforts at proof during the trial, the brief and undetailed assertion by him while on the stand that some thread, pockets and cord which should have been sent him were not sent, lacked that substance and materiality which were necessary in order to take the case to the jury. A scintilla of evidence will not support a verdict. *Habedank* v. *Atlantic Casualty Insurance Co.*, 128 *Id.* 338; *Soriano* v. *Greenfield*, 131 *Id.* 401. The power of a court to order a nonsuit or to direct a verdict does not depend upon the absence of all testimony in opposition to the case in favor of which the direction is given. *Baldwin* v. *Shannon*, 43 *Id.* 596; *Pellington* v. *Erie Railroad Co.*, 115 *Id.* 589. We find no error in the ruling.

The judgment under appeal will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, COLIE, WACHENFELD, EASTWOOD, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, McLEAN, JJ. 16.

*For reversal*—None.